

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 7, 2023

**BY ECF**

The Honorable J. Paul Oetken
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

     Re:    *United States v. Jeremy Joseph*, 23 Cr. 068 (JPO)

Dear Judge Oetken:

     The Government respectfully writes to update the Court on the status of discovery in the above-referenced case, and to inform the Court that, unless otherwise ordered by the Court, the Government intends to delay its production of discovery until the Court rules on the Government's request for a protective order.

     The Government is prepared to make its initial production of discovery. This production includes the threatening communications that are the basis of the instant case as well the communications relevant to the defendant's federal case in the Southern District of Texas. It also includes voluminous additional documents created by the defendant, as well law enforcement records, extradition records, phone records and internet service provider records, among other items. The Government is also preparing a second production of discovery that is expected to predominately include materials it has received from law enforcement agents who investigated the defendant's case in the Southern District of Texas. We are diligently working to prepare those materials for discovery.

     On June 28, 2023, the parties appeared before Your Honor. The Government estimated that it would provide its initial production of discovery in approximately two weeks and a subsequent production in approximately one month. The Government further stated that it would endeavor to produce the material earlier, if possible. The following day, the Government filed a letter requesting that the Court enter a proposed protective order to govern the use of discovery in this case.

     The Government respectfully submits that it cannot produce discovery to the defendant until the Government's request for a protective order is ruled on by the Court. For the reasons stated in the Government's letter dated June 29, 2023, a protective order is appropriate in this case. The Government's evidence reflects that the defendant has spent years threatening and harassing his victims. This includes, among other things, by sending his victims threatening communications that include specific, intimate details about their life, impersonating them, and sending unwanted deliveries to them. The defendant's misconduct also includes misusing court process to harass

victims. For example, in Texas, following multiple contempt orders from the court, the defendant e-filed approximately 500 documents in a probate matter (sometimes dozens in a day), several of which contained threats against the court and public officials and attacks against his various victims. In addition to court personnel, the defendant's victims include his family members, his former colleagues, medical staff at hospitals where the defendant or his family members have been treated and prosecutors. The defendant has also demonstrated an ability to use sophisticated means, including the use of encrypted email services and virtual private networks, to obscure his conduct. Given the defendant's pattern of conduct, including the misuse of legal process, the Government intends to delay its production of discovery until the Court rules on the Government's request for a protective order.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____
Jamie Bagliebter
Assistant United States Attorney
(212) 637-2236

CC: Jeremy Joseph, *pro se defendant* (by mail)
Marnie Lenox, Esq., *Standby Counsel* (by ECF)