UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-                                                     23 Cr. 68 (JPO)

JEREMY JOSEPH,                                          ORDER
                              Defendant.

J. PAUL OETKEN, District Judge:

Defendant, who is proceeding *pro se*, is charged with two counts of threatening physical harm by interstate communication, in violation of 18 U.S.C. § 875(c).  On June 29, 2023, the Government filed a letter motion requesting that the Court enter a protective order.  (*See* ECF No. 13.)  On July 14, 2023, the Court entered the Protective Order.  (*See* ECF No. 19.)  On September 27, 2023, Defendant filed a letter opposing the Protective Order.  (*See* ECF No. 27.)  On October 2, 2023, the Government filed a response to Defendant's letter.  (*See* ECF No. 28.)

Under Federal Rule of Criminal Procedure 16(d)(1), "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief."  "The good cause standard 'requires courts to balance several interests, including whether dissemination of the discovery materials inflicts hazard to others . . . whether the imposition of the protective order would prejudice the defendant,' and 'the public's interest in the information.'"  *United States v. Ramirez*, No. 21 Cr. 41 (AJN), 2021 WL 914457, at *1 (Mar. 10, 2021) (quoting *United States v. Smith*, 985 F. Supp. 2d 506, 522 (S.D.N.Y. 2013)).  "The party seeking to restrict disclosure bears the burden of showing good cause."  *Id.*

The Court previously concluded that the Government established good cause for the imposition of the Protective Order.  (*See* ECF No. 19.)  The Government represented that "[D]efendant has been charged with offenses that involve threatening individuals with physical

1

harm, and the evidence in this case involves the misuse of victim's personal information and public dissemination of the defendant's personal grievances against his victims."  (ECF No. 13.)

The Protective Order is reasonably tailored to balance the privacy, safety, and confidentiality of individuals without prejudicing Defendant.  The Protective Order delineates two categories of materials: Disclosure Material and Sealed Material, which is defined as a subset of Disclosure Material.  The Government represents that no material produced in this case is or will be designated as Sealed Material.  The only substantive restriction that the Protective Order places on Disclosure Material is that:

> Disclosure Material shall not be disclosed by the defendant or standby counsel, including any successor standby counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any Disclosure Material on any Internet site or network site, including any social media site such as Facebook or Twitter, to which persons other than the parties hereto have access, and shall not disclose any Disclosure Material to the media.

(ECF No. 19 at 2.)  The Protective Order prevents Defendant from using the materials produced by the Government in this case for purposes that fall outside the scope of this case.

In Defendant's opposition letter, Defendant raises concerns regarding his ability to use documents located in the public domain or documents that he obtains through independent means.  The Protective Order does not impose restrictions on materials that Defendant obtains through means outside of the Government's production.  Defendant also raises concerns regarding his ability to use Disclosure Material within the scope of this case.  The Protective Order does not "prevent the disclosure of any Disclosure Material in any hearing or trial held in this action."  (*Id.*)

Given the nature of the charges in this case and the Protective Order's narrow and reasonable restrictions, the Court concludes that the Government has shown good cause for the maintenance of the Protective Order.

Defendant's motion in opposition to the Protective Order is denied.

The Clerk of Court is directed to close the motions at ECF No. 13 and ECF No. 27.

SO ORDERED.

Dated:   November 16, 2023
         New York, New York

_____
            J. PAUL OETKEN
        United States District Judge