UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

           -v-

JEREMY JOSEPH,
                     Defendant.

23 Cr. 68 (JPO)

ORDER

---

J. PAUL OETKEN, District Judge:

On October 7, 2023, DCVC Management Co, LLC ("DCVC"), filed a third-party motion to quash the subpoena issued to DCVC by Defendant. (ECF No. 47.) Defendant filed a response in opposition to DCVC's motion on November 6, 2023. (ECF No. 32.) DCVC filed a reply in support of its motion on November 9, 2023. (ECF No. 49.)

## I.    Background

DCVC accepted service of a subpoena from Defendant on September 22, 2023, which sought "any and all documents in the custody and control of DCVC pertaining to Mr. Jeremy Joseph[.]" (ECF No. 47 at 1; ECF No. 48 at 6.) On October 2, 2023, in an email correspondence through his standby counsel, Defendant stated that he was amending the subpoena to request the "HR Records" pertaining to himself, the "HR Records" pertaining to five DCVC personnel, "DCVC's Zero Tolerance Harassment Policy," and "DCVC's Pledge to Diversity." (ECF No. 48 at 18.)

## II.    Legal Standard

Federal Rule of Criminal Procedure 17(c) permits subpoenas ordering the production of "books, papers, documents, data, or other objects." "The purpose of Rule 17(c) is to facilitate the trial by designating a time and place prior to trial to obtain and inspect evidentiary material." *United States v. Maxwell*, No. 20-CR-330 (AJN), 2021 WL 1625392, at *1 (S.D.N.Y. Apr. 27,

1

2021) (citing *United States v. Nixon*, 418 U.S. 683, 698-99 (1974)). Rule 17 "is not intended to provide an additional means of discovery or to serve as a general 'fishing expedition.'" *Id.* (citing *Nixon*, 418 U.S. at 698-700).

A party responding to a motion to quash a Rule 17 subpoena "must make a preponderance showing that the materials requested are relevant, specifically identified, admissible, and not otherwise procurable by the exercise of due diligence." *United States v. Barnes*, 560 F. App'x 36, 39-40 (2d Cir. 2014) (citing *Nixon*, 418 U.S. at 699-700).

**III.  Discussion**

Defendant has failed to meet his burden of demonstrating that the requested subpoena meets the *Nixon* standard. Defendant does not specifically identify any documents within the personnel files he requests, nor does he sufficiently explain how any of the requested documents would be relevant or admissible.

First, Defendant has failed to demonstrate that these documents are relevant. Defendant "has the burden of specifically identifying the materials sought, and showing that they are relevant and admissible." *United States v. Barnes*, No. 04-CR-186 (SCR), 2008 WL 9359654, at *3 (S.D.N.Y. Apr. 2, 2008) (internal quotations and citations omitted). "The items sought cannot merely be potentially relevant or admissible." (*Id.*) "Rather, they must be shown to [be] relevant and admissible at the time the subpoena is sought." (*Id.*)

Defendant contends that "these documents speak to Defendant's character as well as provide key evidence that is critical to Defendant's defense." (ECF No. 32 at 2.) But Defendant does not explain how these documents would speak to a pertinent trait relating to his character, nor does he identify what "key evidence" these documents contain that is critical to his defense. Defendant further contends that the documents would provide "a record of DCVC's actions in support or retaliation against the Josephs," that "key witnesses may be called to testif[y] who

know of the ill-treatment by DCVC and how they may have a connection to the charges [in] the current case," and that he had or has "discrimination claims against DCVC." (*Id.*)  However, Defendant offers no explanation as to how these allegations against DCVC are relevant to the charges in this case, which pertain to interstate communications that threatened physical harm to two victims, in violation of 18 U.S.C. § 875.  Defendant's speculation that this alleged "ill-treatment by DCVC . . . may have a connection to the charges [in] the current case" fails to meet the *Nixon* standard, under which Defendant has a burden of showing the relevance of these documents by a preponderance.

Defendant also represents that he "filled out a[n] FBI intake. . . form flagging hacking activity and illegal practices [and] that he thought one of the prime suspects was Kiersten Stead," one of the DCVC personnel whose file he requests.  (ECF No. 32 at 2-3.)  While information regarding this type of allegation could be relevant to the charges at issue, Defendant offers no support for this allegation or any reason to believe that information related to this allegation would be contained in Stead's personnel file.  "The 'mere hope' that the documents may contain some exculpatory evidence is insufficient to justify enforcement of a Rule 17(c) subpoena." *Maxwell*, 2021 WL 1625392, at *3.  The Court therefore concludes that Defendant fails to meet the relevance prong.

Defendant also fails to meet the admissibility prong.  Because the documents Defendant seeks are not relevant, the documents are inadmissible under Federal Rules of Evidence 401 and 402.  *See* Fed. R. Evid. 402 ("Irrelevant evidence is not admissible.").  Even if these documents had some probative value with respect to some fact at issue in this case, they would be inadmissible under Federal Rule of Evidence 403, because any "probative value [would be]

3

substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, [and] undue delay."

Regardless of whether Defendant meets the relevance and admissibility prongs, Defendant fails meet the specificity prong, as this request represents a classic "fishing expedition." A Rule 17(c) subpoena "must be able to reasonably specify the information contained or believed to be contained in the documents sought rather than merely hop[e] that something useful will turn up." *United States v. Avenatti*, No. 19-CR-373 (PGG), 2020 WL 508682, at *4 (S.D.N.Y. Jan. 31, 2020) (internal quotations and citations omitted). "Subpoenas seeking 'any and all' materials, without mention of 'specific admissible evidence,' justify the inference that the defense is engaging in the type of 'fishing expedition' prohibited by *Nixon*." *Id.*

Defendant requested "HR Records" for himself and five DCVC personnel. Defendant does not specify any particular documents he is seeking, or even a relevant time frame. "[R]ather than asking for specific parts of [the] personnel file[s] and proving to the Court how they would be relevant or admissible, he seeks the entirety of the file[s]." *United States v. Blakstad*, No. 19-CR-486 (ER), 2020 WL 5992347, at *12 (S.D.N.Y. Oct. 9, 2020); *see also United States v. Cole*, No. 19-CR-869 (ER), 2021 WL 912425, at *4 (S.D.N.Y. Mar. 10, 2021). The Court therefore concludes that Defendant fails to meet the specificity prong.

The final prong of the *Nixon* standard requires that the documents requested are not otherwise procurable by the exercise of due diligence. Defendant's request for his own personnel file fails on this final prong in addition to the preceding three prongs. In May 2022, Defendant emailed DCVC to ask for his "employee record, profile, reviews, [and] performance evaluations[,]" and DCVC sent Defendant a full copy of his personnel file. (ECF No. 48 at 2.)

Because Defendant can procure, and has procured, his personnel file through the exercise of due diligence, the Court concludes that this request fails under the final prong of the *Nixon* standard.

For the foregoing reasons, DCVC's motion to quash is granted.

The Clerk of Court is directed to close the motion at ECF No. 32.

SO ORDERED.

Dated: November 17, 2023
New York, New York

_____
J. PAUL OETKEN
United States District Judge