UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| -v- | 23-CR-68 (JPO) |
| JEREMY JOSEPH,<br>             Defendant. | ORDER |

J. PAUL OETKEN, District Judge:

On November 22, 2023, a week before trial was scheduled to begin, Defendant moved for the issuance of witness subpoenas for three individuals pursuant to Federal Rule of Criminal Procedure 17(b).  (ECF No. 58.)  Given the timing, the Court granted Defendant's request to seek to obtain the testimony of those individuals, provided that those individuals be given the opportunity to move to quash the subpoenas.  On November 27, 2023, the Court received a motion from third-party Gen Digital, Inc. ("Gen Digital") to quash subpoenas issued to Staci Lyon ("Lyon") and Vincent Pilette ("Pilette") by Defendant.  (ECF No. 60.)  The Court also received a motion to quash from third-party Fred Dahr ("Dahr").

Defendant has failed to establish that Pilette or Lyon would provide relevant and admissible testimony at trial.  Defendant's motion for the issuance of the subpoenas as to Pilette and Lyon states that he "aims to provide evidence and testimony in his defense, but also around identity and its misuse."  (ECF No. 58 at 2.)  Defendant further represents that he previously employed Norton Lifelock's services to investigate alleged identity theft of his financial accounts, and that Pilette and Lyon had been involved in that investigation.  However, Defendant offers no explanation as to how his claim with Norton Lifelock regarding the alleged identity theft of his financial accounts is relevant to the charges in this case, which pertain to interstate communications that threatened physical harm to two victims, in violation of 18 U.S.C. § 875.

1

Furthermore, Gen Digital represents that it has produced to Defendant all documents related to Defendant's Norton Lifelock investigation, and that any testimony from Pilette or Lyon would therefore be, at best, merely corroborative of the information contained in those documents. Defendant fails to identify any additional relevant and admissible testimony that Pilette or Lyon would be able to provide at trial that is not already contained in those documents.

For the foregoing reasons, Gen Digital's motion to quash is granted.

With respect to Defendant's subpoena for Dahr's testimony, Defendant stated in court on November 27, 2023, that he no longer plans to call Dahr as a witness. Accordingly, Dahr's motion to quash is denied as moot.

SO ORDERED.

Dated: November 28, 2023
       New York, New York

_____
J. PAUL OETKEN
United States District Judge